MEMORANDUM **
Khanbaba Banayan and Parirokh Banayan (Banayan) appeal from the decision of the Bankruptcy Appellate Panel (BAP) in favor of pro se debtor Shahram Mesbahi. The BAP affirmed the dismissal by the bankruptcy court of Banayan’s complaint seeking nondischargeability, pursuant to 11 U.S.C. § 523(a), of Banayan’s judgment against Mesbahi. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
*600 We review de novo all decisions of the BAP. In re Johnston, 21 F.3d 323, 326 (9th Cir.1994). “This is so because both the BAP and the court of appeals apply the same standard of review to the underlying judgment of the bankruptcy court.” Id. Thus, we review the bankruptcy court’s finding of fact for clear error and its conclusions of law de novo. Id. The bankruptcy court’s evidentiary rulings are reviewed for an abuse of discretion. In re Kim, 130 F.3d 863, 865 (9th Cir.1997). The parties are familiar with the background facts, which are in dispute, and are familiar with the prior proceedings.
A. Dischargeability
Banayan contends that he carried his burden of proving dischargeability pursuant to 11 U.S.C. §§ 523(a)(2), (4), and (6).
Under § 523(a)(2), debts obtained through fraud or false representation are excepted from discharge. To obtain relief under this section, a creditor must prove, by a preponderance of the evidence, that: (1) the debtor made representations; (2) at the time, he knew they were false; (3) that he made the representations with intent to deceive the creditor; (4) that the creditor relied upon the representations; and (5) that the creditor sustained the alleged loss as a result of the representations. See In re Britton, 950 F.2d 602, 604 (9th Cir.1991).
The testimony regarding Mesbahi’s representations, knowledge, and intent is contested, ambiguous, and dependent on the credibility of witnesses. The testimony regarding Banayan’s reliance and the causation of his losses is also contested, ambiguous, and dependent on the credibility of witnesses.
The bankruptcy court’s credibility determination is entitled to deference. Anderson v. City of Bessemer, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); see Fed. R. Bankr.P. 8013 (requiring courts give due regard “to the opportunity of the bankruptcy court to judge the credibility of the witnesses”). Because many of the facts regarding the property transactions are in dispute, and the credibility of the witnesses is a determining factor, this court cannot conclude that the bankruptcy court was clearly erroneous in its findings regarding alleged fraud that would except discharge under 11 U.S.C. § 523(a)(2).
Under § 523(a)(4), a debtor is not discharged from any debt for defalcation while acting in a fiduciary capacity. “This court has defined defalcation as the ‘misappropriation of trust funds or money held in any fiduciary capacity.’ ” In re Banks, 263 F.3d 862, 870 (9th Cir.2001) (quoting Lewis v. Scott (In re Scott), 97 F.3d 1182, 1186 (9th Cir.1996)). Banayan was the limited partner with the general partner American Dream Homes, Inc. Mesbahi was a 15 percent owner of American Dream Homes, Inc. The BAP concluded that Mesbahi was not a fiduciary in relationship to Banayan. The evidence regarding Mesbahi’s role in the property financing and development is ambiguous and in dispute. As a result, this court cannot conclude that the findings are clearly erroneous on the issue of a fiduciary relationship.
Under § 523(a)(6), a debt is not discharged if the creditor proves by a preponderance of the evidence that the injury claimed was done willfully and maliciously. In re Britton, 950 F.2d at 603. “Whether an actor behaved willfully and maliciously is ultimately a question of fact reserved for the trier of fact.” In re Banks, 263 F.3d at 869. The testimony regarding Mesbahi’s intent is in dispute. As a result, this court cannot conclude that the bankruptcy court’s findings are clearly erroneous on the issue of willful injury that would except a discharge under 11 U.S.C. § 523(a)(6).
*601 B. Court’s Examination of Witness
Banayan argues that the bankruptcy court abused its discretion in its examination of Mesbahi. Absent a contemporaneous objection, we review for plain error. In re Rains, 428 F.3d 893, 903 (9th Cir.2005). The transcript reveals no error, much less plain error.
C. Request for Judicial Notice
Banayan argues that the BAP erred in denying his request for judicial notice. The facts requested for notice do not fall within the guidelines of Fed.R.Evid. 201(b), and we find no abuse of discretion. In re Gergely, 110 F.3d 1448, 1452 (9th Cir.1997).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9 th Cir. R. 36-3.